UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: DDAVP DIRECT PURCHASER ANTITRUST LITIGATION | Docket No. 05 Civ. 2237 (CS) |
| THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER CLASS ACTIONS | |

### [PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF CLASS COUNSEL, PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, APPROVAL OF FORM AND MANNER OF NOTICE, AND SETTING SCHEDULE AND FINAL APPROVAL HEARING

Upon review and consideration of the Settlement Agreement, dated August 2, 2011, and the Memorandum of Law in Support of Direct Purchaser Class Plaintiffs' Motion for Class Certification, Appointment of Class Counsel, Preliminary Approval of Proposed Settlement, Approval of the Form and Manner of Notice to the Class, and Setting the Final Settlement Schedule and Date for a Fairness Hearing, Memorandum of Law in support thereof and exhibits thereto (including proposed notices to the class) (collectively, the "Settlement Documents"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said motion is GRANTED as follows:

#### Jurisdiction

1.   This Court has subject matter over this case and has jurisdiction over these actions and each of the named plaintiffs ("Plaintiffs") and defendants Aventis Pharmaceuticals, Inc. ("Aventis") and Ferring B.V. and Ferring Pharmaceuticals, Inc. ("Ferring") (collectively "Defendants").

- 1 -

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/16/2011

## Certification of the Proposed Class

2.     The Court makes the following determinations as required by Rule 23 solely in connection with the proposed settlement:

   a) Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Class, which shall hereinafter be denominated "the Class," is defined as follows:

   > All persons and entities in the United States that purchased DDAVP in tablet form directly from one or more of the Defendants at any time from February 18, 2001 through December 31, 2010 (the "Class Period"). Excluded from the Class are Defendants, their parents, subsidiaries and affiliates, employees, and federal government entities.

   b) Pursuant to Rule 23(a)(1), the Court determines that the Class is so numerous and geographically dispersed that joinder of all members is impracticable. According to data produced by Defendants, the Class has at least 35 members geographically dispersed throughout the United States, which is sufficient to satisfy the impracticality of joinder requirement of Rule 23(a)(1).

   c) Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Court determines that the following issues relating to claims and/or defenses (expressed in summary fashion) present common, class-wide questions:

   i) Whether the conduct challenged by the Class as anticompetitive in the Consolidated Amended Class Action Complaint filed April 5, 2006 (the "Complaint") constituted a conspiracy or violated Section 2 of the Sherman Act, 15 U.S.C. § 2;

   ii) Whether Defendants' challenged conduct caused antitrust injury-in-fact to the Class, in the nature of overcharges paid as a result of the higher prices paid directly by Class members to one or both of Defendants for DDAVP in tablet

    form and whether, but for Defendants' conduct as alleged, one or more competitor firms would have begun selling less costly generic versions of DDAVP tablets earlier; and

  iii) The amount of overcharge damages, if any, owed to the Class in the aggregate under Section 4 of the Clayton Act, 15 U.S.C. § 4.

d) The Court determines that the foregoing classwide issues relating to claims and/or defenses are questions of law or fact common to the Class that satisfy Rule 23(a)(2).

e) Meijer Inc., Meijer Distribution, Inc., Rochester Drug Co-operative, Inc., and Louisiana Wholesale Drug Co., Inc., the named Plaintiffs in this lawsuit ("Named Plaintiffs"), are hereby appointed as representatives of the Class, for the following reasons:

  i) the Named Plaintiffs allege on behalf of the Class the same manner of injury from the same course of conduct that they complain of themselves, and the Named Plaintiffs assert on their own behalf the same legal theory that they assert for the Class. The Court therefore determines that the Named Plaintiffs' claims are typical of the claims of the proposed Class within the meaning of Rule 23(a)(3); and

  ii) Pursuant to Rule 23(a)(4), the Court determines that the Named Plaintiffs will fairly and adequately protect the interests of the Class. The Named Plaintiffs' interests do not conflict with the interests of absent members of the Class. All of the Class members share a common interest in proving Defendants' alleged anticompetitive conduct, and all Class members share a common interest in

recovering the overcharge damages sought in the Complaint. Moreover, any Class member that wishes to opt out will be given an opportunity to do so. Furthermore, the Named Plaintiffs are well-qualified to represent the Class in this case, given their experience in prior cases, and the vigor with which they have prosecuted this action thus far.

f) Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members. In light of the classwide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Class as a whole, predominate over those issues that are subject only to individualized proof. *See Cordes & Co. Fin. Serv., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 107-08 (2d Cir. 2007).

g) Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Class in a single action. The Court also believes that there are few manageability problems presented by a case such as this, particularly in light of the Settlement approved in this Order.

h) Pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), the following counsel are hereby appointed as Co-Lead Counsel for the Class ("Co-Lead Counsel"), and are directed to

ensure that any remaining work in this litigation that is performed by any counsel listed on the Complaint ("Class Counsel") is performed efficiently and without duplication of effort:

| | | |
|---|---|---|
| David F. Sorensen | Linda P. Nussbaum | Bruce Gerstein |
| Daniel C. Simons | Shelly L. Friedland | GARWIN GERSTEIN |
| BERGER & MONTAGUE, P.C. | GRANT & EISENHOFER, P.A. | & FISHER, LLP |
| 1622 Locust Street | 485 Lexington Avenue | 1501 Broadway, Suite 1416 |
| Philadelphia, PA 19103 | New York, NY 10017 | New York, NY 10011 |
| (215) 875-3000 | Tel: (646) 722-8536 | (212) 398-0055 |

### Approval of the Proposed Settlement

3.     Upon review of the record and the settlement documents, the Court finds that the proposed Settlement, which includes a cash payment of $3.5 million by Aventis and $16.75 million by Ferring into an escrow account for the benefit of the Plaintiffs and the Class ("Settlement Fund") in exchange for, *inter alia,* dismissal of the litigation with prejudice and certain releases of claims by Plaintiffs and the Class as set forth in the Settlement Agreement, was arrived at by arm's-length negotiations by highly experienced counsel after years of litigation, falls within the range of possibly approvable settlements, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

### Approval of the Plan of Notice to the Class

4.     The proposed long-form of Notice to Class Members of the pendency of this Class Action and the proposed Settlement thereof (Exhibit A to the Settlement Agreement, the "Mailed Notice"), the proposed short-form Notice to the Class of the pendency of this Class Action and the proposed Settlement thereof (Exhibit B to the Settlement Agreement, the "Summary Notice"), and the proposed method of notice thereof satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, are otherwise fair and reasonable, and therefore are approved. Class Counsel shall cause the Mailed Notice substantially in the

form attached to the Settlement Agreement to be disseminated by no later than [ 9/9/11 , or 30 days following the entry of this Order] via first-class mail to the last known address of each entity that purchased DDAVP tablets directly from one or more Defendants during the Class Period. In addition, within 30 days of the date of this Order, Class Counsel or their designee shall cause the Summary Notice to be submitted for publication in *The Pink Sheet*, or a similar publication

5.  Potential Class members may opt out of the Class by no later than [ 10/9/11 , or within thirty (30) days from the date that the Notice is mailed to the potential Class members] in accordance with the preceding paragraph. Class Counsel or their designee shall monitor and record any and all opt-out requests that are received.

6.  The Court appoints Rust Consulting, Inc. to serve as claims administrator and to assist Class Counsel in disseminating the Detailed Settlement Notice and Summary Settlement Notice to the Class. All expenses incurred by the Claims Administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

### Final Fairness Hearing

7.  A hearing on final approval (the "Fairness Hearing") shall be held before this Court on November 2, 2011, at 2:00 p.m, in the courtroom assigned to the Honorable Cathy Seibel, U.S.D.J., at the United States District Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601-4150. At the Fairness Hearing, the Court will consider, *inter alia:* (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed plan of allocation of the Settlement Fund among Class members; (c) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Class Counsel; (d) whether

incentive awards should be awarded to the named Plaintiffs, and in what amount; and (e) whether entry of a final judgment terminating this litigation should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Class Counsel shall be responsible for communicating any such notice promptly to the Class by posting conspicuous notice on their websites *and made available on the website maintained by Class Counsel*.

8.  All briefs and materials in support of the application for an award of attorneys' fees and reimbursement of expenses and incentive awards for the named Plaintiffs shall be filed with the Court no later than __9/24__, 2011.

9.  Class members who wish to (a) object with respect to the proposed Settlement and/or (b) wish to appear in person at the Fairness Hearing must first send an Objection and, if intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining the position(s) to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the Southern District of New York, White Plains Division, 300 Quarropas Street, White Plains, NY 10601-4150, with copies to the following counsel:

<em>On behalf of Plaintiffs and the Class:</em>

| | | |
|---|---|---|
| David F. Sorensen | Linda Nussbaum | Bruce Gerstein |
| Daniel C. Simons | GRANT & EISENHOFER, P.A. | GARWIN GERSTEIN & FISHER, LLP |
| BERGER & MONTAGUE, P.C. | 485 Lexington Avenue | 1501 Broadway, Suite 1416 |
| 1622 Locust Street | New York, NY 10017 | New York, NY 10011 |
| Philadelphia, PA 19103 | Tel: (646) 722-8536 | (212) 398-0055 |
| (215) 875-3000 | | |

*On behalf of Defendants*:

| | |
|---|---|
| Douglas L. Wald | Julia E. McEvoy |
| ARNOLD & PORTER LLP | JONES DAY |
| 555 12th Street, N.W. | 51 Louisiana Ave., NW |
| Washington, D.C. 20002 | Washington, DC 20001-2113 |
| (202) 942-5000 | (202) 879-4645 |
| *Counsel for Ferring B.V. and Ferring Pharmaceuticals, Inc.* | *Counsel for Aventis Pharmaceuticals, Inc.* |

To be valid, any such Objection and/or Notice of Intention to Appear and Summary statement must be postmarked no later than **10/24**, 2011. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a Summary Statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

10. All briefs and materials in support of the final approval of the settlement and the entry of final judgment proposed by the parties to the Settlement Agreement shall be filed with the Court no later than **10/24**, 2011.

11. All proceedings in *In re DDAVP Direct Purchaser Antitrust Litigation* are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters final judgment and dismisses these actions with prejudice.

12. In the event that the Settlement does not become final as to either or both Defendants then litigation of the direct purchaser Class Action will resume in a reasonable manner to be approved by the Court upon joint application by the Plaintiffs and either or both Defendants as necessary.

13. In the event the Settlement Agreement and the Settlement are terminated and/or rescinded in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Plaintiffs shall retain full rights to assert any and all causes of action against Defendant(s) and any other released party, and Defendant(s) and any other released parties shall retain any and all defenses and counterclaims hereto. These actions shall hereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed by Plaintiffs and Defendant(s).

14. Neither this Order nor the Settlement Agreement nor any other Settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Defendants as to the validity of any claim that has been or could have been asserted against Defendants or as to any liability by Defendants as to any matter set forth in this Order, or to whether any class may certified for purposes of litigation and trial.

SO ORDERED this 15th day of August, 2011

*Cathy Seibel*
Hon. Cathy Seibel
U.S. District Court for the
Southern District of New York