UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE DDAVP INDIRECT PURCHASER ANTITRUST LITIGATION ) ) ) | No. 05 Civ. 2237 (CS) |
| ) ) | Hon. Cathy Seibel, U.S.D.J. |
| THIS DOCUMENT RELATES TO: ) ALL ACTIONS ) ) | |

## ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT BETWEEN INDIRECT PURCHASER CLASS PLAINTIFFS AND DEFENDANTS

Pursuant to Rules 23(e) and 54(b) of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreement dated February 26, 2013, between Plaintiffs Vista Healthplan, Inc., k/n/a Coventry Health Care of Florida, Inc., Pennsylvania Employees Benefit Trust Fund, Painters District Counsel No. 30 Health and Welfare Fund, Philadelphia Federation of Teachers Health and Welfare Fund, and Ronald L. Seamon, as Executor of the Will of Helen Ann Seamon (collectively, "Plaintiffs"), and Ferring B.V. and Ferring Pharmaceuticals, Inc. ("Ferring") and Aventis Pharmaceuticals, Inc. ("Aventis") (collectively, "Defendants"), and upon Indirect Purchaser Class Plaintiffs' Motion for Final Approval of the Settlement and Indirect Purchaser Class Plaintiffs' Motion for Attorneys' Fees, Costs and Incentive Awards, and having carefully considered all of the submissions filed, as well as the oral presentations of counsel at the Final Fairness Hearing, it is hereby:

**ORDERED, ADJUDGED and DECREED THAT:**[1]

1.  This Court has jurisdiction over this Action and each of the parties to the Settlement Agreement, including all Class Members.

---

[1] This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreement and all terms used herein shall have the same meaning set forth in the Settlement Agreement [D.E. 141-6].

***Class Certification***

2.  The certified Class is set forth as follows:

> All persons and entities in the United States who purchased and/or paid for DDAVP or generic versions of DDAVP in tablet form for consumption by themselves, their families, or their members, employees, insureds, participants or beneficiaries during the period from February 18, 2001 through December 31, 2010. For purposes of the Class definition, persons and entities "purchased" DDAVP or generic versions of DDAVP if they paid some or all of the purchase price. Excluded from the Class are Defendants, their parents, employees, subsidiaries and affiliates, and federal government entities (except government-funded employee benefit plans).

3.  The Court re-affirms its prior findings (*see* ¶ 2 of Preliminary Approval Order [D.E. 142]), made solely in connection with the proposed Settlement, that: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are questions of both law and fact common to the Class; (3) the Class Plaintiffs' claims are typical of the claims of all members of the Class; and (4) the named Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Class, all pursuant to Rule 23(a). The Court additionally re-affirms its prior findings that, in connection with and solely for the purposes of settlement, questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that this class action is superior to other available methods for the fair and efficient adjudication of this controversy, pursuant to Rule 23(b)(3). This Class is now finally certified for Settlement purposes.

4.  The four Class Members listed in Exhibit "A" attached hereto have requested exclusion from the Class Settlement. Based on the Affidavit of A.B. Data's Eric Miller, I find that these Class Members have properly excluded themselves, and therefore shall not be governed by the releases included in the Settlement Agreement or this Order and Final Judgment.

*Settlement*

5.   As set forth in more detail in the Settlement Agreement, Defendants have agreed to pay a total of $4,750,000 ("Settlement Amount"), plus accrued interest, to settle this Action.

6.   The Settlement was the result of arm's length negotiations conducted in good faith between Class Counsel and Defendants' Counsel.

7.   The Court held a Fairness Hearing on December 16, 2013, to consider the fairness of the Settlement. Having considered the Motion for Final Approval, the argument of counsel at the Hearing, and any objections to the Settlement, the Court finds, for the reasons stated on the record at the Fairness Hearing, that, under the circumstances, the Settlement of this Action is fair, reasonable, adequate, and in the best interests of the Class. Pursuant to Rule 23 of the Fed. R. Civ. P., the Court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement. The Parties are hereby directed to carry out the Settlement in accordance with its terms and provisions.

8.   The Court approves the Plan of Allocation [D.E. 154] as proposed by Class Counsel. A.B. Data, Ltd, the company retained by Class Counsel as the claims administrator, shall distribute the Net Class Settlement Fund to the Class pursuant to the Plan of Allocation.

9.   All claims in the Action against Defendants are hereby dismissed with prejudice, and without costs, except as provided in the Settlement Agreement. All Released Claims (as defined in paragraphs 12-15 below) of Plaintiffs and the Class in the Action are released and dismissed with prejudice, and, except as provided in the Settlement Agreement, without costs.

*Notice*

10.   As required by the Court in its Preliminary Approval Order [D.E. 142], and as supported by the Affidavit of Eric Miller of A.B. Data, notice of the proposed Settlement was

disseminated by postcard notice, publication notice, e-mail and website. Such notice to members of the Class is hereby determined to be fully in compliance with the requirements of Rule 23(e) and due process, and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all entities entitled thereto.

11. Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the fairness hearing, it is hereby determined that all Class Members are bound by this Order and Final Judgment.

*Release*

12. Upon the occurrence of the Effective Date and in consideration of payment of the Settlement Amount, Plaintiffs and all Class Members (other than the entities and persons identified in Exhibit "A" attached hereto), on behalf of themselves and their respective past and present parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, servants, representatives (and the parents', subsidiaries', and affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators, representatives, and assigns of each of the foregoing (the "Releasors"), hereby release and forever discharge, and covenant not to sue, or to authorize anyone to sue on their behalf, or to support anyone financially or administratively in suing, or to prosecute any pending or previously filed suit against Defendants and their past and present parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, servants, representatives (and the parents', subsidiaries', and affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators, representatives, and assigns of each of the foregoing (the "Releasees"), with respect to, in connection with, or relating to any and all past, present, or future liabilities, claims, demands,

obligations, suits, damages, levies, executions, judgments, debts, charges, actions, or causes of action, at law or in equity, whether class, individual, or otherwise in nature, and whether known or unknown, arising out of or relating to purchases of DDAVP tablets and/or generic versions of DDAVP tablets at any time prior to the Effective Date and arising under the Sherman Act, 15 U.S.C. §§ 1 & 2, et seq., or any other federal or state statute or common law relating to antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, unjust enrichment, consumer protection, or civil conspiracy claims, including but not limited to all statutes and common laws referred to in the Complaint (the "Released Claims"). The Released Claims include, but are not limited to, any and all claims relating to or arising out of the facts, occurrences, transactions, or other matters alleged or asserted in this Action, or that could have been alleged or asserted in this Action, or that could constitute a continuation of any of the facts, occurrences, transactions, or other matters alleged or asserted in this Action. However, the Released Claims do not include any claims described in Paragraph 12 of the Settlement Agreement.

13.     In addition, each Releasor is hereby deemed to have waived and released, upon the Settlement Agreement becoming final, any and all provisions, rights, and/or benefits conferred by § 1542 of the California Civil Code, which reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor; or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

14.     Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the Released Claims. Nonetheless, upon the Effective Date, each Releasor shall hereby be deemed to have waived and fully, finally and

forever settled and released, any known or unknown suspected or unsuspected, contingent or non-contingent claim that is the subject matter of the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

15. Each Releasor also is hereby deemed to have waived and fully, finally and forever settled and released any and all claims it may have against Defendants under § 17200, *et seq.*, of the California Business and Professions Code, as those claims are expressly incorporated into the Released Claims.

### Fees, Costs and Incentive Awards

16. Class Counsel has moved for an award of attorneys' fees, reimbursement of expenses, and payment of incentive awards.

17. The Court finds that the Settlement confers a substantial benefit on the Indirect Purchaser Plaintiff Class, that the value conferred is immediate and readily quantifiable in that each class member who submits a claim form shall receive a portion of the total overcharge allegedly incurred. Class Counsel also effectively pursued the claims on behalf of the Class, expending close to 4,000 hours, resulting in a lodestar of $2 million at their normal and customary hourly rates, time which was expended with no guarantee it would be compensated. Class Counsel also incurred $103,946.14 in expenses, which I find reasonable and necessary to their prosecution of this lawsuit.

18. The Court also finds that the Settlement was obtained as a direct result of Class Counsel's advocacy, that the Settlement was negotiated in good-faith and in the absence of collusion.

19. Class members were advised in Notice approved by the Court that Class Counsel would be moving for attorneys' fees of up to $1,567,500, plus reimbursement of expenses.

20. Class Counsel who recover a common fund for the benefit are entitled to a reasonable

attorneys' fee from the fund.  Class Counsel's request for 33% of the Settlement fund is well within the applicable range of reasonable percentage awards, and such an award in this case would in fact result in a negative multiplier.

21.     Accordingly, Class Counsel are hereby awarded attorneys' fees in the amount of $1,567,500.  The Court finds this award to be fair and reasonable, for the reasons stated at the Fairness Hearing.  Further, Class Counsel are awarded $103,946.14 out of the Settlement Fund to reimburse their expenses incurred in the prosecution of this Action.  Co-Lead Counsel shall allocate the fees and expenses among all of the Class Counsel.

22.     In addition, for representing the Indirect Purchaser Plaintiffs, the TPP Class Plaintiffs (Vista Healthplan, Inc., k/n/a Coventry Health Care of Florida, Inc., Pennsylvania Employees Benefit Trust Fund, Painters District Counsel No. 30 Health and Welfare Fund, Philadelphia Federation of Teachers Health and Welfare Fund) are each hereby awarded $5,000 out of the Settlement Fund, and Consumer Class Plaintiff Ronald L. Seamon, as Executor of the Will of Helen Ann Seamon, is hereby awarded $2,000 out of the Settlement Fund, in addition to any recovery from the Settlement pursuant to the Plan of Allocation.  The Court finds these awards to be fair and reasonable, for the reasons stated at the Fairness Hearing.

23.     The Court also authorizes disbursements or distributions of up to $100,000 from the Settlement Fund for expenses related to administrating the Settlement, and any payments and expenses incurred in connection with taxation matters related to the Settlement.  Any amounts over and beyond the $100,000 must be approved by the Court.

### *Miscellaneous*

24.     Neither this Order and Final Judgment, the Settlement Agreement, nor any of its terms or the negotiations or papers related thereto shall constitute evidence or an admission by any

party or Releasee, that any acts of wrongdoing have been committed, and they shall not be deemed to create any inference that there is any liability therefore. Neither this Order and Final Judgment, the Settlement Agreement, nor any of its terms or the negotiations or papers related thereto shall be offered or received in evidence or used for any purpose whatsoever, in this or any other matter or proceeding in any court, administrative agency, arbitration or other tribunal, other than as expressly set forth in the Settlement Agreement.

25. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement Agreement, including the administration and consummation of the Settlement Agreement, the Plan of Allocation, and in order to determine any issues relating to attorneys' fees and expenses and any distribution to members of the Class. In addition, without affecting the finality of this judgment, Defendants and each member of the Class hereby irrevocably submit to the exclusive jurisdiction of the United State District Court for the Southern District of New York, for any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including, without limitation any suit, proceeding or dispute relating to the release provisions therein.

26. The Court finds that the notice provided by the Defendants to the U.S. Attorney General and all the State Attorneys General pursuant to the requirements of 28 U.S.C. § 1715(b) meets the notice requirements of the Class Action Fairness Act.

27. In the event that the Settlement does not become final in accordance with paragraph 5 of the Settlement Agreement, this Order and Final Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

28. The Court hereby directs that this Judgment be entered by the Clerk forthwith pursuant to Rule 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Indirect Purchaser Plaintiffs and the Class against all Defendants in this Action, allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Indirect Purchaser Class members.

SO ORDERED this _18_ day of _December_, 2013.

*Cathy Seibel*

**HON. CATHY SEIBEL**
**UNITED STATES DISTRICT JUDGE**

### *In re DDAVP Indirect Purchaser Antitrust Litigation*, Case No. 05-CV-2237 (CS)
### Exclusion Report

| Name | Exclusion ID # | Date Received | Timely | # of Covered Lives |
|---|---|---|---|---|
| 1. Avox Systems Inc | 16505192 | 5/6/2013 | Yes | 281 |
| 2. John Deere North American Compensation & Benefits | 16505193 | 8/12/2013 | Yes | 100,114 |
| 3. Continental Casualty Company | 16505194 | 8/30/2013 | Yes | 7,021 |
| 4. Oneok | 16505195 | 9/4/2013 | No | 5,501 |

# EXHIBIT A